## Collins v. Nadw Marketing, Inc.

*Elwood R. Harding, Jr.*, for plaintiffs.
*Thomas Arthur James, Jr.*, for defendant.

MYERS, *P.J.*, August 31, 1978—Plaintiffs' complaint sets forth four causes of action. The first count alleges a violation of the Pennsylvania Securities Act of December 5, 1972, P.L. 1280; the second and third counts are trespass actions based upon fraudulent and negligent misrepresentation; and the fourth count is in assumpsit, based upon an alleged breach of the agreement between the parties.

Defendant filed preliminary objections in the form of a demurrer. In addition, defendant's objections allege that this court lacks jurisdiction over the matter.

1

The writing signed by the parties provides as follows: "Any action brought hereunder by distributor [i.e., plaintiffs] shall be brought in the district court of the parishes of Orleans or Jefferson, in the State of Louisiana." Relying upon this provision, defendant asserts that this court lacks jurisdiction, and that we should either dismiss the instant action or transfer it to the jurisdiction referred to in the writing.

We conclude, however, that this court does have jurisdiction. Of the four counts in the complaint, only the fourth count is actually brought under the contract. The other three counts are not based upon the contract, since they allege securities law violations and negligent and fraudulent representation.

In Central Contracting Co. v. C. E. Youngdahl and Co., Inc., 418 Pa. 122, 209 A. 2d 810, 816 (1965), the Supreme Court held that an agreement to restrict litigation to a particular forum should be honored as long as " . . . such agreement is not unreasonable at the time of litigation." In the instant case, we believe it would be unreasonable to compel plaintiffs to litigate count 4 in Louisiana, since counts 1, 2 and 3 could properly be litigated in Pennsylvania. Dividing jurisdiction in this manner would be unduly cumbersome and wasteful of judicial resources.

Furthermore, since plaintiffs aver that their contract with defendant is an investment contract, the jurisdictional limitation clause is rendered void by the Pennsylvania Securities Act of December 5, 1972, P.L. 1280, 70 P.S. §1-101 et seq. Under 70 P.S. §1-501(a), aggrieved parties are specfically afforded the right to maintain an action in Pennsyl-

vania, at law or in equity, "to recover the consideration paid for the security, together with interest. . . . " Moreover, 70 P.S. §1-507 states that " . . . [a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this act or any rule or order hereunder is void."

In our view, the jurisdictional clause is therefore void, since it requires plaintiffs to waive the provisions in the Securities Act which confer upon plaintiffs the right to sue in the courts of Pennsylvania. Accordingly, we refuse to enforce such a clause.

### 2

In support of its demurrer, defendant asserts that the contract in question is not an investment contract. However, this dispute is of a factual nature, and should be resolved at trial by the finder of fact. Since the complaint clearly and properly avers the existence of a securities contract, the demurrer must be denied.

### ORDER

And now, August 31, 1978, defendant's preliminary objections to plaintiffs' complaint are hereby dismissed. Defendant is hereby granted leave to file a responsive pleading within 20 days from the date of service of this order.